**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **SEMANTIC SEARCH TECHNOLOGIES LLC,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**(1) YAHOO! INC;**<br>**(2) LA POLICE GEAR, INC.;**<br>**(3) MARKETING ADVANTAGES INTERNATIONAL, INC. d/b/a EMITATIONS.COM;**<br>**(4) SHORE POWER INC. d/b/a BATTERYJUNCTION.COM AND SHOREPOWERINC.COM;**<br>**(5) SPORTSGIANT LLC d/b/a HOCKEYGIANT.COM;**<br>**(6) TGIB MARKETING, INC. d/b/a ROCKBOTTOMGOLF.COM; and**<br>**(7) TURN5, INC. d/b/a AMERICANMUSCLE.COM AND EXTREMETERRAIN.COM;**<br><br>　　　　　　　　　　Defendants. | Case No. 6:17-cv-169<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Semantic Search Technologies LLC files this Complaint against (1) Yahoo! Inc.; (2) LA Police Gear, Inc.; (3) Marketing Advantages International, Inc. d/b/a Emitations.com; (4) Shore Power Inc. d/b/a BatteryJunction.com and ShorePowerInc.com; (5) SportsGiant LLC d/b/a HockeyGiant.com; (6) TGIB Marketing, Inc. d/b/a RockBottomGolf.com; and Turn5, Inc. d/b/a AmericanMuscle.com and ExtremeTerrain.com, for infringement of certain claims of United States Patent Nos. 8,793,237 (the "'237 Patent"), 8,880,497 (the "'497 Patent"), 9,069,860 (the "'860 Patent"), and 9,378,521 (the "'521 Patent").

## SUBJECT MATTER JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

## PARTIES, PERSONAL JURISDICTION, VENUE AND JOINDER

3.      Plaintiff Semantic Search Technologies LLC ("Plaintiff" or "Semantic Search"), is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 5608 W. Plano Parkway, Suite 300, Plano, Texas 75093.

4.      The members of Semantic Search are three corporate entities whose stock is primarily held by the three business partners who have been involved in the Semantic Search business for many years.  Two of these persons are the inventors of the patents in suit, Bruce Matesso and Richard Bridgeman.  Therefore, the patents in suit have not been transferred to a third party merely for purposes of litigation; rather, they are being asserted on behalf of the persons who made the inventions and have been involved in these inventions since they were conceived.

5.      Upon information and belief, Defendant Yahoo! Inc. ("Yahoo"), is a Delaware corporation with a principal office located at 701 First Avenue, Sunnyvale, California 94089. Yahoo has a regular and established place of business at 1680 N. Glenville Road, Richardson, Texas, which is within approximately one mile of the Eastern District of Texas.

6.      Upon information and belief, Defendant LA Police Gear, Inc. ("LA Police"), is a California corporation with a principal office located at 29120 Commerce Center Drive, Suite 1, Valencia, California 91355.

7.      Upon information and belief, Defendant Marketing Advantages International, Inc. d/b/a Emitations.com ("Marketing Advantages") is a California corporation with a principal office located at 6162 Mission Gorge Road, Suite G, San Diego, California 92120.

8.      Upon information and belief, Defendant Shore Power Inc. d/b/a BatteryJunction.com and ShorePowerInc.com ("Shore Power") is a Connecticut corporation with a principal office at 50 School House Road, Unit 2, Old Saybrook, Connecticut 06475.

9.      Upon information and belief, Defendant SportsGiant LLC d/b/a HockeyGiant.com ("SportsGiant") is a California limited liability company with a principal office at 5937 Darwin Court, Suite 105, Carlsbad, California 92008, and a regular and established place of business in the Eastern District of Texas at 8700 Preston Road #103, Plano, Texas 75024.

10.     Upon information and belief, Defendant TGIB Marketing, Inc. d/b/a RockBottomGolf.com ("TGIB") is a New York corporation with a principal office at 1250 Scottsville Road, Suite 2, Rochester, New York 14624.

11.     Upon information and belief, Defendant Turn5, Inc. d/b/a AmericanMuscle.com and ExtremeTerrain.com ("Turn5") is a Pennsylvania corporation with a principal office at 7 Lee Boulevard, Malvern, Pennsylvania 19355.

12.     LA Police, Marketing Advantages, Shore Power, SportsGiant, TGIB, and Turn5 are referred to collectively as the "Yahoo Customer Defendants."  Yahoo and the Yahoo Customer Defendants are referred to collectively as "Defendants."

13.     This Court has personal jurisdiction over each Defendant because each Defendant has committed, and continues to commit, acts of infringement in the State of Texas, has conducted business in the State of Texas, has directed an interactive website at Texas, and/or has engaged in continuous and systematic activities in the State of Texas.

14.     Each Defendant has used the patented invention with the website and functionality identified herein within the State of Texas and the Eastern District of Texas, and has therefore committed acts of infringement within the State of Texas and the Eastern District of Texas.  In addition, upon information and belief, each Defendant has derived substantial revenues from its infringing acts within the State of Texas and the Eastern District of Texas.

15.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because each Defendant is deemed to reside in this District.

16.     Joinder of all Defendants in this civil action is proper pursuant to 35 U.S.C. § 299, because Plaintiff's right to relief is asserted against the Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the using, offering for sale, or selling of the same accused product or process, and questions of fact common to all defendants will arise in the action.  For example, and without limitation, Yahoo has provided website services and functionality, such as an ecommerce platform, to each of the Yahoo Customer Defendants in this case.

## FACTUAL MATTERS

17.     The patents in suit – the '237 Patent, the '497 Patent, the '860 Patent, and the '521 Patent – are attached to this Amended Complaint as Exhibits A, B, C, and D, respectively.

18.     Each of the patents in suit emanates from the same patent family.  The original application, U.S. patent application Ser. No. 11/213,145, was filed on August 25, 2005.  This application in turn claims priority from U.S. Provisional Application 60/606,357, which was filed on August 31, 2004.  The patents in suit share a common specification.  Each of the patents in suit is titled "Computer-Aided Extraction of Semantics From Keywords to Confirm Match of Buyer Offers to Seller Bids."

19.     The inventions described in the claims of the patents in suit are technical, computerized solutions to problems that are particular to computer networks and the Internet.

20.     The common specification of the patents in suit describes a problem addressed by the claims of the patent in suit and makes abundantly clear that this problem is one particular to computer networks and the Internet:

> There are many descriptions of computer-aided searches of large search spaces, such as the world wide web, whereby narrowing the search space to a successively smaller and more precise area of interest is accomplished using one or more algorithms involving lexicons.
>
> One problem with the use of lexicons is the limitation inherent in a pure textual search.  For example, although a lexical search of the world wide web for matches to "blue sweater" might be refined through human-computer interactions to the more specific "blue sweater crew neck men's large", the resulting search result set is likely to include citations for:
>
> [Descriptions of false hits … ]
>
> Even more sophisticated computer-aided lexical searches employing lexical associations do not appreciably and consistently reduce the occurrences of search results returning citations that are wildly outside of the target scope (false hits). One commonly employed partial solution to the shortcomings of a pure lexical search is to inject lexical associations into the lexical refinements.  Prior attempts to inject lexical associations into computer-aided searches have relied on the existence of a virtual expert advisor, or other access to a domain-specific knowledgebase.   In practice such implementations merely inject lexical associations iteratively, resulting in the construction of longer and longer search strings.  This technique can result in a rapid narrowing of search space, however this technique does not reliably eliminate or reduce the occurrence of false hits or wildly out of scope citations.

'237 Patent, col. 1, lines 16-60.

21.     The claims of the patents in suit describe various solutions to the previously-existing problems with computer searches, each through a defined sequence of method steps (and, in the '860 Patent, via certain system claims), such that implementation of the specific steps results in achieving a desired result.  The common specification confirms this, in general terms:

> In use, a mapping between the human-specified values/characteristics and the correct corresponding attribute is required in order to enable an unambiguous and effective (*i.e.*, few or no false hits) computer-aided search of a large structured data search space.
>
> Thus, what is desired is a method and apparatus to confirm the mapping …

'237 Patent, col. 2, lines 15-21.  It can readily be seen, from this short excerpt and from a closer examination of the claims of the patents in suit, that the problem being solved exists solely in the realm of computers and technology, and the solutions of the patents in suit are solely computer- and technology-based.

22.     Not only do the claims of the patents in suit solve a particular problem with computer searches using computer- and technology-based solutions, they are limited to a particular application – that is, matching buyer offers to seller bids (for example, items offered for sale).

**COUNT I**
**(INFRINGEMENT OF U.S. PATENT NO. 8,793,237 BY YAHOO)**

**General Allegations**

23.     Plaintiff incorporates Paragraphs 1 through 22 by reference.

24.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

25.     Plaintiff is the owner of the '237 Patent with sole rights to enforce the '237 Patent and sue infringers.

26.     The '237 Patent issued on July 29, 2014.  It is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

27.     The United States Patent and Trademark Office issued the '237 Patent after the United States Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

**Allegations of Direct Infringement of the '237 Patent by Yahoo**

28.     Yahoo has directly infringed and continues to directly infringe one or more claims of the '237 Patent, including at least Claim 10.

29.     Yahoo has committed direct infringement by its actions that comprise using one or more websites that utilize one or more methods described in the '237 Patent, including at least the method described in Claim 10 of the '237 Patent.  Such websites are defined as the "Yahoo Direct Accused Instrumentalities."  A representative example of a Yahoo Direct Accused Instrumentality is shopping.yahoo.com.  Upon information and belief, this website infringes the '237 Patent in both a web browser and a mobile browser.

30.     The infringement contentions and claim charts that will be served pursuant to Local Patent Rule 3-1 are incorporated into this Complaint by reference.  Further, a preliminary, exemplary, detailed claim chart showing infringement of the '237 Patent by the Yahoo Direct Accused Instrumentalities is attached as Exhibit E1 hereto, which is incorporated by reference.

**Allegations of Indirect Infringement of the '237 Patent by Yahoo**

31.     Yahoo has indirectly infringed and continues to indirectly infringe one or more claims of the '237 Patent, including at least Claim 10.

32.     Yahoo actively induced infringement under 35 U.S.C. § 271(b).

33.     Yahoo actively induces infringement by, among other things, providing website services and functionality, such as an ecommerce platform, to certain customers of Yahoo, including without limitation the Yahoo Customer Defendants in this case.  *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce.  Yahoo generates substantial revenues from these activities through monthly fees and through charging a transaction fee on each transaction consummated through a Yahoo Customer Defendant's website, which is a percentage

of the sales amount of each transactions.   *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce/compare-plans.

34.     Yahoo provides services, functionality, administration, training, maintenance and/or instruction to these customers, including without limitation the Yahoo Customer Defendants, as described at the Yahoo links above (without limitation), and upon information and belief, in other materials provided to customers by Yahoo.

35.     These customers, including without limitation the Yahoo Customer Defendants, directly infringe one or more claims of the '237 Patent, including at least Claim 10, in violation of 35 U.S.C. § 271.  Preliminary, exemplary, detailed claim charts showing direct infringement of the '237 Patent by the Yahoo Customer Defendants are attached as Exhibits F1, G1, H1, I1, J1, K1, L1 and M1 hereto, and these charts are incorporated by reference.

36.     In addition, Yahoo is liable as a contributory infringer under 35 U.S.C. § 271(c).

37.     Yahoo offers to sell or sells within the United States a material or apparatus for use in practicing a patented process, which constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of one or more claims of the '237 Patent, including at least Claim 10, and not a staple article or commodity or commerce suitable for substantial noninfringing use.

38.     Without limitation, Yahoo contributes to infringement by providing website services and functionality, such as an ecommerce platform, to certain customers of Yahoo, including without limitation the Yahoo Customer Defendants in this case.  *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce.  Yahoo generates substantial revenues from these activities through monthly fees and through charging a transaction fee on each transaction consummated through a Yahoo Customer Defendant's website, which is a percentage

of the sales amount of each transactions.   *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce/compare-plans.

39.     These customers, including without limitation the Yahoo Customer Defendants, directly infringe one or more claims of the '237 Patent, including at least Claim 10, in violation of 35 U.S.C. § 271.  Preliminary, exemplary, detailed claim charts showing direct infringement of the '237 Patent by the Yahoo Customer Defendants are attached as Exhibits F1, G1, H1, I1, J1, K1, L1 and M1 hereto, and these charts are incorporated by reference.

40.     Yahoo will have been on notice of the '237 Patent since, at the latest, the service of this Complaint.  By the time of trial, Yahoo will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to infringement of one or more claims of the '237 Patent, including at least Claim 10.

### COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 8,880,497 BY YAHOO)

#### General Allegations

41.     Plaintiff incorporates Paragraphs 1 through 22 by reference.

42.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

43.     Plaintiff is the owner of the '497 Patent with sole rights to enforce the '497 Patent and sue infringers.

44.     The '497 Patent issued on November 4, 2014.  It is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

45.     The United States Patent and Trademark Office issued the '497 Patent after the United States Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

**Allegations of Direct Infringement of the '497 Patent by Yahoo**

46.     Yahoo has directly infringed and continues to directly infringe one or more claims of the '497 Patent, including at least Claim 1.

47.     Yahoo has committed direct infringement by its actions that comprise using one or more websites that utilize one or more methods described in the '497 Patent, including at least the method described in Claim 1 of the '497 Patent.  Such websites are defined as the "Yahoo Direct Accused Instrumentalities."  A representative example of a Yahoo Direct Accused Instrumentality is shopping.yahoo.com.  Upon information and belief, this website infringes the '497 Patent in both a web browser and a mobile browser.

48.     The infringement contentions and claim charts that will be served pursuant to Local Patent Rule 3-1 are incorporated into this Complaint by reference.  Further, a preliminary, exemplary, detailed claim chart showing infringement of the '497 Patent by the Yahoo Direct Accused Instrumentalities is attached as Exhibit E2 hereto, which is incorporated by reference.

**Allegations of Indirect Infringement of the '497 Patent by Yahoo**

49.     Yahoo has indirectly infringed and continues to indirectly infringe one or more claims of the '497 Patent, including at least Claim 1.

50.     Yahoo actively induced infringement under 35 U.S.C. § 271(b).

51.     Yahoo actively induces infringement by, among other things, providing website services and functionality, such as an ecommerce platform, to certain customers of Yahoo, including without limitation the Yahoo Customer Defendants in this case.  *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce.  Yahoo generates substantial revenues from these activities through monthly fees and through charging a transaction fee on each transaction consummated through a Yahoo Customer Defendant's website, which is a percentage

of the sales amount of each transactions. *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce/compare-plans.

52.     Yahoo provides services, functionality, administration, training, maintenance and/or instruction to these customers, including without limitation the Yahoo Customer Defendants, as described at the Yahoo links above (without limitation), and upon information and belief, in other materials provided to customers by Yahoo.

53.     These customers, including without limitation the Yahoo Customer Defendants, directly infringe one or more claims of the '497 Patent, including at least Claim 1, in violation of 35 U.S.C. § 271.  Preliminary, exemplary, detailed claim charts showing direct infringement of the '497 Patent by the Yahoo Customer Defendants are attached as Exhibits F2, G2, H2, I2, J2, K2, L2 and M2 hereto, and these charts are incorporated by reference.

54.     In addition, Yahoo is liable as a contributory infringer under 35 U.S.C. § 271(c).

55.     Yahoo offers to sell or sells within the United States a material or apparatus for use in practicing a patented process, which constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of one or more claims of the '497 Patent, including at least Claim 1, and not a staple article or commodity or commerce suitable for substantial noninfringing use.

56.     Without limitation, Yahoo contributes to infringement by providing website services and functionality, such as an ecommerce platform, to certain customers of Yahoo, including without limitation the Yahoo Customer Defendants in this case.  *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce.  Yahoo generates substantial revenues from these activities through monthly fees and through charging a transaction fee on each transaction consummated through a Yahoo Customer Defendant's website, which is a percentage

of the sales amount of each transactions.   *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce/compare-plans.

57.    These customers, including without limitation the Yahoo Customer Defendants, directly infringe one or more claims of the '497 Patent, including at least Claim 1, in violation of 35 U.S.C. § 271.  Preliminary, exemplary, detailed claim charts showing direct infringement of the '497 Patent by the Yahoo Customer Defendants are attached as Exhibits F2, G2, H2, I2, J2, K2, L2 and M2 hereto, and these charts are incorporated by reference.

58.    Yahoo will have been on notice of the '497 Patent since, at the latest, the service of this Complaint.  By the time of trial, Yahoo will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to infringement of one or more claims of the '497 Patent, including at least Claim 1.

## COUNT III
## (INFRINGEMENT OF U.S. PATENT NO. 9,069,860 BY YAHOO)

### General Allegations

59.    Plaintiff incorporates Paragraphs 1 through 22 by reference.

60.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

61.    Plaintiff is the owner of the '860 Patent with sole rights to enforce the '860 Patent and sue infringers.

62.    The '860 Patent issued on June 30, 2015.  It is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

63.    The United States Patent and Trademark Office issued the '860 Patent after the United States Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), and after the USPTO issued its 2014 Interim Guidance on Patent Subject Matter Eligibility.

**Allegations of Direct Infringement of the '860 Patent by Yahoo**

64.     Yahoo has directly infringed and continues to directly infringe one or more claims of the '860 Patent, including at least Claim 1.

65.     Yahoo has committed direct infringement by its actions that comprise using one or more websites that utilize one or more methods described in the '860 Patent, including at least the method described in Claim 1 of the '860 Patent.  Such websites are defined as the "Yahoo Direct Accused Instrumentalities."  A representative example of a Yahoo Direct Accused Instrumentality is shopping.yahoo.com.  Upon information and belief, this website infringes the '860 Patent in both a web browser and a mobile browser.

66.     The infringement contentions and claim charts that will be served pursuant to Local Patent Rule 3-1 are incorporated into this Complaint by reference.  Further, a preliminary, exemplary, detailed claim chart showing infringement of the '860 Patent by the Yahoo Direct Accused Instrumentalities is attached as Exhibit E3 hereto, which is incorporated by reference.

**Allegations of Indirect Infringement of the '860 Patent by Yahoo**

67.     Yahoo has indirectly infringed and continues to indirectly infringe one or more claims of the '860 Patent, including at least Claim 1.

68.     Yahoo actively induced infringement under 35 U.S.C. § 271(b).

69.     Yahoo actively induces infringement by, among other things, providing website services and functionality, such as an ecommerce platform, to certain customers of Yahoo, including without limitation the Yahoo Customer Defendants in this case.  *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce.  Yahoo generates substantial revenues from these activities through monthly fees and through charging a transaction fee on each transaction consummated through a Yahoo Customer Defendant's website, which is a percentage

of the sales amount of each transactions.   *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce/compare-plans.

70.     Yahoo provides services, functionality, administration, training, maintenance and/or instruction to these customers, including without limitation the Yahoo Customer Defendants, as described at the Yahoo links above (without limitation), and upon information and belief, in other materials provided to customers by Yahoo.

71.     These customers, including without limitation the Yahoo Customer Defendants, directly infringe one or more claims of the '860 Patent, including at least Claim 1, in violation of 35 U.S.C. § 271.  Preliminary, exemplary, detailed claim charts showing direct infringement of the '860 Patent by the Yahoo Customer Defendants are attached as Exhibits F3, G3, H3, I3, J3, K3, L3 and M3 hereto, and these charts are incorporated by reference.

72.     In addition, Yahoo is liable as a contributory infringer under 35 U.S.C. § 271(c).

73.     Yahoo offers to sell or sells within the United States a material or apparatus for use in practicing a patented process, which constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of one or more claims of the '860 Patent, including at least Claim 1, and not a staple article or commodity or commerce suitable for substantial noninfringing use.

74.     Without limitation, Yahoo contributes to infringement by providing website services and functionality, such as an ecommerce platform, to certain customers of Yahoo, including without limitation the Yahoo Customer Defendants in this case.  *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce.   Yahoo generates substantial revenues from these activities through monthly fees and through charging a transaction fee on each transaction consummated through a Yahoo Customer Defendant's website, which is a percentage

of the sales amount of each transactions.   *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce/compare-plans.

75.     These customers, including without limitation the Yahoo Customer Defendants, directly infringe one or more claims of the '860 Patent, including at least Claim 1, in violation of 35 U.S.C. § 271.  Preliminary, exemplary, detailed claim charts showing direct infringement of the '860 Patent by the Yahoo Customer Defendants are attached as Exhibits F3, G3, H3, I3, J3, K3, L3 and M3 hereto, and these charts are incorporated by reference.

76.     Yahoo will have been on notice of the '860 Patent since, at the latest, the service of this Complaint.  By the time of trial, Yahoo will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to infringement of one or more claims of the '860 Patent, including at least Claim 1.

### COUNT IV
### (INFRINGEMENT OF U.S. PATENT NO. 9,378,521 BY YAHOO)

#### General Allegations

77.     Plaintiff incorporates Paragraphs 1 through 22 by reference.

78.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

79.     Plaintiff is the owner of the '521 Patent with sole rights to enforce the '521 Patent and sue infringers.

80.     The '521 Patent issued on June 28, 2016.  It is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

81.     The United States Patent and Trademark Office issued the '521 Patent after the United States Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), and after the USPTO issued its 2014 Interim Guidance on Patent Subject Matter Eligibility,

its July 2015 Update on Subject Matter Eligibility, and its May 2016 Subject Matter Eligibility Update.

**Allegations of Indirect Infringement of the '521 Patent by Yahoo**

82.    Yahoo has indirectly infringed and continues to indirectly infringe one or more claims of the '521 Patent, including at least Claim 1.

83.    Yahoo actively induced infringement under 35 U.S.C. § 271(b).

84.    Yahoo actively induces infringement by, among other things, providing website services and functionality, such as an ecommerce platform, to certain customers of Yahoo, including without limitation the Yahoo Customer Defendants in this case.  *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce.   Yahoo generates substantial revenues from these activities through monthly fees and through charging a transaction fee on each transaction consummated through a Yahoo Customer Defendant's website, which is a percentage of the sales amount of each transactions.    *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce/compare-plans.

85.    Yahoo provides services, functionality, administration, training, maintenance and/or instruction to these customers, including without limitation the Yahoo Customer Defendants, as described at the Yahoo links above (without limitation), and upon information and belief, in other materials provided to customers by Yahoo.

86.    These customers, including without limitation the Yahoo Customer Defendants, directly infringe one or more claims of the '521 Patent, including at least Claim 1, in violation of 35 U.S.C. § 271.  Preliminary, exemplary, detailed claim charts showing direct infringement of the '521 Patent by the Yahoo Customer Defendants are attached as Exhibits F4, G4, H4, J4, K4, and L4 hereto, and these charts are incorporated by reference.

16

87.     In addition, Yahoo is liable as a contributory infringer under 35 U.S.C. § 271(c).

88.     Yahoo offers to sell or sells within the United States a material or apparatus for use in practicing a patented process, which constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of one or more claims of the '521 Patent, including at least Claim 1, and not a staple article or commodity or commerce suitable for substantial noninfringing use.

89.     Without limitation, Yahoo contributes to infringement by providing website services and functionality, such as an ecommerce platform, to certain customers of Yahoo, including without limitation the Yahoo Customer Defendants in this case.  *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce.   Yahoo generates substantial revenues from these activities through monthly fees and through charging a transaction fee on each transaction consummated through a Yahoo Customer Defendant's website, which is a percentage of the sales amount of each transactions.   *See, e.g.*, the Yahoo website at https://smallbusiness.yahoo.com/ecommerce/compare-plans.

90.     These customers, including without limitation the Yahoo Customer Defendants, directly infringe one or more claims of the '521 Patent, including at least Claim 1, in violation of 35 U.S.C. § 271.  Preliminary, exemplary, detailed claim charts showing direct infringement of the '521 Patent by the Yahoo Customer Defendants are attached as Exhibits F4, G4, H4, J4, K4, and L4 hereto, and these charts are incorporated by reference.

91.     Yahoo will have been on notice of the '521 Patent since, at the latest, the service of this Complaint.  By the time of trial, Yahoo will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to infringement of one or more claims of the '521 Patent, including at least Claim 1.

**COUNT V**
**(INFRINGEMENT OF U.S. PATENT NO. 8,793,237**
**BY EACH OF THE YAHOO CUSTOMER DEFENDANTS)**

**General Allegations**

92.     Plaintiff incorporates Paragraphs 1 through 22 and Paragraphs 31 through 40 by reference.

93.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

94.     Plaintiff is the owner of the '237 Patent with sole rights to enforce the '237 Patent and sue infringers.

95.     The '237 Patent issued on July 29, 2014.  It is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

96.     The United States Patent and Trademark Office issued the '237 Patent after the United States Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

**Allegations of Direct Infringement of the '237 Patent**
**by Each of the Yahoo Customer Defendants**

97.     Each of the Yahoo Customer Defendants has directly infringed and continues to directly infringe one or more claims of the '237 Patent, including at least Claim 10.

98.     Each of the Yahoo Customer Defendants has committed direct infringement by its actions that comprise using one or more websites that utilize one or more methods described in the '237 Patent, including at least the method described in Claim 10 of the '237 Patent.  Such websites are defined as the "Yahoo Customer Defendant Accused Instrumentalities."  Representative

examples of Yahoo Customer Defendant Accused Instrumentalities for each Yahoo Customer Defendant are:

* LA Police – www.lapolicegear.com

* Marketing Advantages – www.emitations.com

* Shore Power – www.batteryjunction.com and www.shorepowerinc.com

* SportsGiant – www.hockeygiant.com

* TGIB – www.rockbottomgolf.com

* Turn5 – www.americanmuscle.com and www.extremeterrain.com

Upon information and belief, each of these websites infringe the '237 Patent in both a web browser and a mobile browser.

99.     The infringement contentions and claim charts that will be served pursuant to Local Patent Rule 3-1 are incorporated into this Complaint by reference.   Further, preliminary, exemplary, detailed claim charts showing infringement of the '237 Patent by the Yahoo Customer Defendant Accused Instrumentalities are attached as Exhibits F1, G1, H1, I1, J1, K1, L1, and M1 hereto, which are incorporated by reference.

### COUNT VI
### (INFRINGEMENT OF U.S. PATENT NO. 8,880,497
### BY EACH OF THE YAHOO CUSTOMER DEFENDANTS)

**General Allegations**

100.     Plaintiff incorporates Paragraphs 1 through 22 and Paragraphs 49 through 58 by reference.

101.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

102.    Plaintiff is the owner of the '497 Patent with sole rights to enforce the '497 Patent and sue infringers.

103.    The '497 Patent issued on November 4, 2014.  It is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

104.    The United States Patent and Trademark Office issued the '497 Patent after the United States Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

**Allegations of Direct Infringement of the '497 Patent
by Each of the Yahoo Customer Defendants**

105.    Each of the Yahoo Customer Defendants has directly infringed and continues to directly infringe one or more claims of the '497 Patent, including at least Claim 1.

106.    Each of the Yahoo Customer Defendants has committed direct infringement by its actions that comprise using one or more websites that utilize one or more methods described in the '497 Patent, including at least the method described in Claim 1 of the '497 Patent.  Such websites are defined as the "Yahoo Customer Defendant Accused Instrumentalities."   Representative examples of Yahoo Customer Defendant Accused Instrumentalities for each Yahoo Customer Defendant are:

* LA Police – www.lapolicegear.com

* Marketing Advantages – www.emitations.com

* Shore Power – www.batteryjunction.com and www.shorepowerinc.com

* SportsGiant – www.hockeygiant.com

* TGIB – www.rockbottomgolf.com

* Turn5 – www.americanmuscle.com and www.extremeterrain.com

Upon information and belief, each of these websites infringe the '497 Patent in both a web browser and a mobile browser.

107.    The infringement contentions and claim charts that will be served pursuant to Local Patent Rule 3-1 are incorporated into this Complaint by reference.   Further, preliminary, exemplary, detailed claim charts showing infringement of the '497 Patent by the Yahoo Customer Defendant Accused Instrumentalities are attached as Exhibits F2, G2, H2, I2, J2, K2, L2, and M2 hereto, which are incorporated by reference.

### COUNT VII
### (INFRINGEMENT OF U.S. PATENT NO. 9,069,860
### BY EACH OF THE YAHOO CUSTOMER DEFENDANTS)

#### General Allegations

108.    Plaintiff incorporates Paragraphs 1 through 22 and Paragraphs 67 through 76 by reference.

109.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

110.    Plaintiff is the owner of the '860 Patent with sole rights to enforce the '860 Patent and sue infringers.

111.    The '860 Patent issued on June 30, 2015.  It is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

112.    The United States Patent and Trademark Office issued the '860 Patent after the United States Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), and after the USPTO issued its 2014 Interim Guidance on Patent Subject Matter Eligibility.

**Allegations of Direct Infringement of the '860 Patent
by Each of the Yahoo Customer Defendants**

113.    Each of the Yahoo Customer Defendants has directly infringed and continues to directly infringe one or more claims of the '860 Patent, including at least Claim 1.

114.    Each of the Yahoo Customer Defendants has committed direct infringement by its actions that comprise using one or more websites that utilize one or more methods described in the '860 Patent, including at least the method described in Claim 1 of the '860 Patent.  Such websites are defined as the "Yahoo Customer Defendant Accused Instrumentalities."   Representative examples of Yahoo Customer Defendant Accused Instrumentalities for each Yahoo Customer Defendant are:

* LA Police – www.lapolicegear.com

* Marketing Advantages – www.emitations.com

* Shore Power – www.batteryjunction.com and www.shorepowerinc.com

* SportsGiant – www.hockeygiant.com

* TGIB – www.rockbottomgolf.com

* Turn5 – www.americanmuscle.com and www.extremeterrain.com

Upon information and belief, each of these websites infringe the '860 Patent in both a web browser and a mobile browser.

115.    The infringement contentions and claim charts that will be served pursuant to Local Patent Rule 3-1 are incorporated into this Complaint by reference.   Further, preliminary, exemplary, detailed claim charts showing infringement of the '860 Patent by the Yahoo Customer Defendant Accused Instrumentalities are attached as Exhibits F3, G3, H3, I3, J3, K3, L3, and M3 hereto, which are incorporated by reference.

## COUNT VIII
## (INFRINGEMENT OF U.S. PATENT NO. 9,378,521
## BY EACH OF THE YAHOO CUSTOMER DEFENDANTS)

### General Allegations

116.     Plaintiff incorporates Paragraphs 1 through 22 and Paragraphs 82 through 91 by reference.

117.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

118.     Plaintiff is the owner of the '521 Patent with sole rights to enforce the '521 Patent and sue infringers.

119.     The '521 Patent issued on June 28, 2016.  It is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

120.     The United States Patent and Trademark Office issued the '521 Patent after the United States Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), and after the USPTO issued its 2014 Interim Guidance on Patent Subject Matter Eligibility, its July 2015 Update on Subject Matter Eligibility, and its May 2016 Subject Matter Eligibility Update.

### Allegations of Direct Infringement of the '521 Patent
### by Each of the Yahoo Customer Defendants

121.     Each of the Yahoo Customer Defendants has directly infringed and continues to directly infringe one or more claims of the '521 Patent, including at least Claim 1.

122.     Each of the Yahoo Customer Defendants has committed direct infringement by its actions that comprise using one or more websites that utilize one or more methods described in the '521 Patent, including at least the method described in Claim 1 of the '521 Patent.  Such websites are defined as the "Yahoo Customer Defendant Accused Instrumentalities."   Representative

examples of Yahoo Customer Defendant Accused Instrumentalities for each Yahoo Customer Defendant are:

* LA Police – www.lapolicegear.com

* Marketing Advantages – www.emitations.com

* Shore Power – www.batteryjunction.com

* SportsGiant – www.hockeygiant.com

* TGIB – www.rockbottomgolf.com

* Turn5 – www.americanmuscle.com

Upon information and belief, each of these websites infringe the '521 Patent in both a web browser and a mobile browser.

123.    The infringement contentions and claim charts that will be served pursuant to Local Patent Rule 3-1 are incorporated into this Complaint by reference.   Further, preliminary, exemplary, detailed claim charts showing infringement of the '521 Patent by the Yahoo Customer Defendant Accused Instrumentalities are attached as Exhibits F4, G4, H4, J4, K4, and L4 hereto, which are incorporated by reference.

## IRREPARABLE HARM

124.    Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a)    Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b)    Enjoin Defendants, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with any Defendant who receive notice of the order from further infringement of United States Patent Nos. 8,793,237, 8,880,497, 9,069,860, and 9,378,521 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c)    Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

d)    Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff its attorneys' fees and any other appropriate relief;

e)    Award Plaintiff pre-judgment and post-judgment interest and costs; and

f)    Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.


Dated: March 20, 2017                     Respectfully submitted,


                                         _/s/ Craig Tadlock_____
                                         Craig Tadlock
                                         State Bar No. 00791766
                                         **TADLOCK LAW FIRM PLLC**
                                         2701 Dallas Parkway, Suite 360
                                         Plano, Texas 75093
                                         903-730-6789
                                         craig@tadlocklawfirm.com

                                         *Attorney for Plaintiff Semantic Search*
                                         *Technologies LLC*